IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CONNIE NEWMAN, individually, and on behalf of all similarly situated current citizens of Illinois,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL MILLS, INC. AND GENERAL MILLS SALES, INC.,<br><br>        Defendant. | No. 19-890<br><br>Redacted Version |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendants General Mills, Inc., and General Mills Sales, Inc. ("General Mills") remove this case from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

### I.     THE STATE COURT ACTION

On June 20, 2019, Plaintiff Connie Newman filed a Class Action Complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, captioned *Connie Newman v. General Mills, Inc. and General Mills Sales, Inc.*, 19-L-0455 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A. Plaintiff served General Mills, Inc. and General Mills Sales, Inc. ("General Mills") with a copy of the Complaint and Summons from the Circuit Court on July 16, 2019. Copies of the summonses are attached here as Exhibit B.

The Complaint alleges two causes of action against General Mills: (1) violation of Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, and (2) unjust enrichment. Compl. ¶¶ 49–65. These causes of action derive from Plaintiff's allegation that the labeling of General Mills Fruit

Roll Up brand products ("Fruit Roll Ups") are false or misleading because the labels state the Fruit Roll Ups are "naturally flavored" and contain "no artificial flavors" when the Fruit Roll Ups contain malic acid. Compl ¶¶ 18, 21.

Plaintiff brings this action as a putative class action. She seeks to represent a class of all "current Illinois citizens who purchased the Fruit Roll-Ups labeled as 'naturally flavored' and containing 'no artificial flavors' for personal purposes from the five-year period prior to the filing of this Complaint up through the date of preliminary approval (the "Class Period")." Compl. ¶ 40. Plaintiff alleges that "the Class consists of thousands of purchasers." Compl. ¶ 42.

Plaintiff seeks an "award of compensatory damages to Plaintiff and the proposed Class," or, alternatively, disgorgement. Compl. at 14 (Prayer for Relief). Plaintiff alleges that she and each class member are entitled to "an amount up to a refund of the purchase prices she paid for the Products." Compl. ¶ 11. Plaintiff also seeks declaratory relief and an injunction barring "Defendants from continuing to engage in deceptive and unfair marketing of the Products including, but not limited to, a label change on the Products." Compl. at 14 (Prayer for Relief).

## II.     GROUNDS FOR REMOVAL

**A.     This action is removable under the Class Action Fairness Act of 2005.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and

as shown in the accompanying declaration of Kristin Witt, these requirements are met, and this matter is removable.

### 1. This is a putative class action in which the aggregate number of members is 100 or more.

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action under 735 ILCS 5/2-801, which provides that "[a]n action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class" provided that the action satisfies four requirements—numerosity, commonality, adequacy of representation, and that the "class action is an appropriate method" for resolving the dispute. The requirements of 753 ILCS 5/2-801 parallel Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23(a) (requirements for class certification are commonality, typicality, numerosity, and adequacy of representation).

Plaintiff's putative class action likewise contains 100 or more members. Plaintiff seeks to represent a class of "[a]ll current Illinois citizens who purchased Fruit Roll-Ups" during the Class Period. Compl. ¶ 40. Plaintiff alleges that "the Class consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court." Compl. ¶ 42. By Plaintiff's own allegations, this element is met.

### 2. The aggregate amount in controversy exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). A defendant seeking to remove a case must assert "a short and plain statement of the grounds for removal" and defendant's allegations of the amount in controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *see also*

*Blomberg v. Serv Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (a removing party must establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence."). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). "This burden is not 'daunting' and only requires that the defendant 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$5,000,000].'" *Blevins v. Republic Refrigeration, Inc.*, 2015 WL 12516693, at *6 (C.D. Cal. Sept. 25, 2015) (citation omitted) (alterations in original). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegations.").

Here, Plaintiff's request for compensatory damages puts more than $5,000,000 in controversy.[1] Plaintiff claims that if she "had known the products contained a synthetic flavoring compound, she would not have purchased them or would have paid less for them. Plaintiff's claims are typical of all class members in this regard." Compl. ¶ 6. Plaintiff further alleges that the value of her individual claim "is equal to an amount up to a refund of the purchase prices she paid for the Products." Compl. ¶ 11. Thus, Plaintiff seeks for herself and the Class compensatory damages corresponding to the amount Illinois consumers spent on Fruit Roll Ups during the Class Period.

As detailed in the declaration of Kristin Witt filed in support of this Notice of Removal, retailers sold more than ▮▮▮▮▮▮ worth of Fruit Roll Ups in Chicago between June 2014 and June 2019. *See* Declaration of Kristin Witt ("Witt Decl.") ¶ 6; Compl. ¶ 40 (defining "Class Period" as including the five-year period prior to the filing of the Complaint in June 2019). Approximately 21 percent of the population of Illinois lives in Chicago. *See* Illinois Demographics by Cubit, https://www.illinois-demographics.com/ (last visited August 2, 2019). Extrapolating the ▮▮▮▮▮▮ sales figure to the entire state, retailers sold more than ▮▮▮▮▮▮ worth of Fruit Roll

---

[1] General Mills disputes that Plaintiff is entitled to any relief.

Ups during the relevant period. Witt Decl. ¶ 6. Also, the sales figure is based on Nielsen data, which is necessarily underinclusive. *Id.* ¶¶ 4, 7. Given the breadth of Plaintiff's compensatory damages request and intent to seek a "refund of the purchase prices she paid for the Products," Compl. ¶ 11, General Mills could be on the hook for actual damages equal to the total sales figure.

"Plaintiffs also bring claims under ICFA, which permits the recovery of punitive damages." *Schwartz v. Campbell Soup Co.*, 2019 WL 126188, at *2 (S.D. Ill. Jan. 8, 2019); Compl. ¶ 50. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995). "If punitive damages are available, subject matter jurisdiction exists unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

Plaintiff does not expressly request punitive damages, but her prayer for relief includes "all such other and further relief, as may be just and proper." Compl. at 14 (Prayer for Relief). "Thus, it is still appropriate for the Court to consider potential punitive damages as part of the amount in controversy analysis." *Schwartz*, 2019 WL 126188, at *2 (considering punitive damages in ICFA complaint with identical allegations); *see also See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (accounting for punitive damages "although the complaint was silent about punitive damages, [because] the ICFA permits recovery of punitive damages . . .").

It is not "legally certain that plaintiff will be unable to recover the requisite jurisdictional amount." *Spaulding*, 533 F.3d at 551. To the contrary, Nielsen data confirms that retailers sold more than ▮▮▮▮▮▮▮▮ worth of Fruit Roll Ups in Illinois during the Class Period, well in excess of the $5 million threshold. This element is satisfied.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff Connie Newman is a citizen of Illinois who resides—and on information and belief is domiciled—in St. Clair County, Illinois. Compl. ¶ 6; *Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967) ("The domicile is the state in which a person resides with the intention of remaining."). Plaintiff seeks to represent a class of Illinois purchasers. Compl. ¶ 40. It stands to reason that at least one of those individuals is domiciled in Illinois.

Defendants are not citizens of Illinois. Both General Mills, Inc. and General Mills Sales, Inc., are incorporated under the laws of Delaware and have their principal places of business in Minneapolis, Minnesota. *See* Compl. ¶¶ 8–9; *Basden v. AG Growth Int'l, Inc.*, 2012 WL 3610112, at *1 (S.D. Ill. Aug. 21, 2012) ("A corporation is a citizen of the state in which it is incorporated *and* maintains its primary place of business."). Thus, at least one (and in fact both) Defendant is a citizen of different states from at least one Plaintiff, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

**B.     There are no barriers to removal.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).[2]

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because neither General Mills, Inc. nor General Mills Sales, Inc. are citizens of Illinois, the state in which the action was

---

[2] General Mills, Inc. and General Mills Sales, Inc.—the only defendants in this action—are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A) therefore does not preclude this Court's jurisdiction.

originally filed. Compl. ¶¶ 7–8 (alleging that Defendants are citizens of Delaware and Minnesota).[3]

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 49–65 (claims arising under Illinois common law and consumer protection statutes).

**C.     Venue and intra-district assignment are proper.**

The Southern District of Illinois, East St. Louis division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court for the 20th Judicial Circuit County of St. Clair, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**D.     General Mills has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. General Mills was served with a copy of the Complaint and Summons on July 16, 2019. General Mills filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the General Mills are being filed herewith. These documents are attached hereto as Exhibits A–C. No other pleadings have been filed to date in this matter in the St. Clair County Circuit Court. A true and correct copy of the state court's docket is attached hereto as Exhibit D.

---

[3] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* . . . .").

Pursuant to 28 U.S.C. § 1446(d), General Mills will promptly serve on Plaintiff and file with the Circuit Court a "Notice to Adverse Party and State Court of Removal to Federal Court." General Mills will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

### III.     RESERVATION OF RIGHTS AND DEFENSES

General Mills expressly reserve all their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of General Mills' defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV.     CONCLUSION

WHEREFORE, General Mills requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from St. Clair County Circuit Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: August 13, 2019

By: */s/ Kathleen A. Stetsko*
One of the Attorneys for General Mills, Inc. and General Mills Sales, Inc.

Kathleen A. Stetsko
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Charles C. Sipos, *pro hac vice forthcoming*
CSipos@perkinscoie.com
Lauren W. Staniar, *pro hac vice forthcoming*
LStaniar@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-3316
Fax: (206) 359-4316

David T. Biderman, *pro hac vice forthcoming*
DBiderman@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:   310.843.1284

## **CERTIFICATE OF SERVICE**

I, Kathleen A. Stetsko, certify that on August 12, 2019, at my direction the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system and served the following attorneys by FedEx (with a courtesy copy by email):

*Attorneys for Plaintiff*

David C. Nelson
dnelson@nelsonlawpc.com
Nelson & Nelson, Attorneys at Law, P.C.
420 N. High St.
P.O. Box Y
Bellevile IL 62220

Joshua H. Eggnatz
Michael J. Pascucci
Eggnatz | Pascucci
jeggnatz@justiceearned.com
MPascucci@justiceearned.com
7450 Griffin Rd., Suite 230
Davie, FL 33314

Matthew H. Armstrong
matt@mattarmstronlaw.com
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144

Alexander J. Korolinsky
korolinsky@ajklegal.com
The Law Offices of Alexander J. Korolinsky, P.A.
1001 Brickell Bay Drive, Suite 2700
Miami, FL 33131

I certify under penalty of perjury that the foregoing is true and correct.

*/s/   Kathleen A. Stetsko*
Kathleen A. Stetsko