# Exhibit A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0455
St. Clair County
6/20/2019 2:26 PM
5492638

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

CONNIE NEWMAN, individually,    )
and on behalf of all similarly situated   )
current citizens of Illinois,    )
    )
    Plaintiff,    )
    )
v.    )   No. 19-L-0455
    )
GENERAL MILLS, INC., and GENERAL  )
MILLS SALES, INC.,    )
    )
    Defendants.    )

### CLASS ACTION COMPLAINT

Plaintiff, Connie Newman, individually and on behalf of all other similarly-situated current Illinois citizens, alleges against General Mills, Inc., and General Mills Sales, Inc. ("Defendants" or "General Mills") the following facts and claims upon personal knowledge, investigation of counsel, and information and belief:

### CASE SUMMARY

1.      This case arises out of Defendants' deceptive and unfair labeling practices regarding its FRUIT ROLL-UPS brand food products (the "Products").

2.      On the labels of the Products, Defendants prominently represent that the Products are "NATURALLY FLAVORED" and contain "NO ARTIFICIAL FLAVORS," which leads reasonable consumers to believe that the Products' flavoring and flavoring profile only comes from natural ingredients.

3.      The Products, however, contain the synthetic flavoring chemical "malic acid." Based upon information and belief, the malic acid used in the Products is an artificial petrochemical that confers a "tart, fruit-like" flavor and simulates the flavor of actual fruit.

4.      As a result, the representations that the Products contain "NO ARTIFICIAL FLAVORS" and are "NATURALLY FLAVORED" are false, deceptive and misleading.

5.      Plaintiff brings this case to recover damages for Defendants' false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois common law. Ill. Rev. Stat. Ch. 815, §§ 505 to 601.

## THE PARTIES

6.      Plaintiff, Connie Newman is an Illinois citizen residing in St. Clair County, Illinois. On numerous occasions during the Class Period (as defined below), Plaintiff purchased FRUIT ROLL-UPS, Strawberry Sensation™ variety, from Dollar Tree in Belleville, Illinois, for personal purposes after reviewing the "No Artificial Flavors" and "Naturally Flavored" label. Plaintiff paid $1.00 per unit. If Plaintiff had known the Products contained a synthetic flavoring compound, she would not have purchased them or would have paid less for them. Plaintiff's claims are typical of all class members in this regard.

7.      The labels of each of the Products, irrespective of flavor variety, are substantially similar and identical in that each claims the Products are "NATURALLY FLAVORED" and contain "NO ARTIFICIAL FLAVORS." Accordingly, Plaintiff has standing to pursue claims and obtain relief on behalf of the entire putative class, including for purchases of Product flavor varieties Plaintiff did not personally purchase.

8.      Upon information and belief, General Mills, Inc. is the Product manufacturer. General Mills, Inc. is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. General Mills, Inc. may be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

9.      Upon information and belief, Defendant General Mills Sales, Inc. is the Product distributor. General Mills Sales, Inc. is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. General Mills Sales, Inc. may be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

11.     Plaintiff believes and alleges that the total value of her individual claims is equal to an amount up to a refund of the purchase prices she paid for the Products. There is therefore no diversity jurisdiction over this case.

12.     Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.  There is therefore no CAFA jurisdiction for this case.

13.     Defendant cannot plausibly allege that it had sufficient sales of the Product in Illinois during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

14.     This Court has personal jurisdiction over Defendants because Defendants have had more than minimum contacts with the State of Illinois and have purposefully availed themselves to the privilege of conducting business in this state.   In addition, as explained below, Defendants have committed affirmative tortious acts within the State of Illinois that give rise to

civil liability, including distributing and advertising the Products for sale throughout the State of Illinois.

15.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which Plaintiff's causes of action arose occurred in this county.

16.     Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## FACTUAL ALLEGATIONS

17.     Defendants manufacture, market, sell, and distribute the Products at issue.

18.     Knowing that consumers like Plaintiff increasingly desire to purchase and consume natural ingredients, Defendants sought to take advantage of this growing market by labeling the Products as containing "NO ARTIFICIAL FLAVORS" and "NATURALLY FLAVORED." The product is depicted below for demonstrative purposes:



19.     By affixing such labels to the packaging of the Products, Defendants entice consumers like Plaintiff to purchase the Products instead of competing products, to pay a premium for the Products, and to pay more for the them than they otherwise would have.

20.     The label of the Products is deceptive and misleading because the Products all contain an artificial flavoring, despite Defendants affirmative labeling and advertising that leads reasonable consumers to believe that the Products are only naturally flavored.

21.     In truth, the Products all contain the synthetic petrochemical malic acid, which simulates a "tart, fruit-like" flavor.

22.     Based upon information and belief, the malic acid used in the Products is not a naturally occurring compound. It is manufactured in petrochemical plants from benzene or butane — components of gasoline and lighter fluid — through a series of chemical reactions involving highly toxic chemical precursors and byproducts.

23.     Pursuant to FDA regulations, malic acid is used as a "flavor enhancer" or "flavoring agent," and can also be used as a "pH control agent" in food. 21 C.F.R. §184.1069(c).

24.     Even if Defendants only intended to use malic acid as a pH control agent, its presence in the Products nonetheless impacts, affects, or enhances the flavor and/or flavoring profile of the Product. Simply put, if Defendants removed malic acid as an ingredient the Products would taste different.

25.     Defendants include the industrial chemical malic acid in the Products, which contributes to the flavoring in the Products. In reality, the Products are predominantly comprised of corn syrup and sugar – malic acid deceives the senses and makes the Products taste more like they are fruit flavored.

26.     Because the Products contain an artificial flavoring ingredient that simulates and reinforces the characterizing flavor of the Products, the front label is required by the FDA to disclose those additional flavors rather than state, as it does, that the Products are only naturally flavored. 21 CFR 5 101.22.

27.     According to the FDA, if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word,

vignette, e.g., depiction of a fruit, or other means" then such flavor is considered the "characterizing flavor." 21 C.F.R. 101.22(i).

28.     The labels on Defendants' Products state that they are "Fruit-Flavored Snacks," which is to be considered a primary recognizable flavor identified on the Products' front labels.

29.     Federal regulations declare that if a food contains artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor [which] shall be accompanied by the word(s) "artificial" or "artificially flavored". . ., e.g., "artificial vanilla," "artificially flavored strawberry, "or "grape artificially flavored." 21 C.F.R. 101.22(i) (3), (4).

30.     Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id.*

31.     The Products' synthetic flavoring ingredient malic acid simulates, resembles, and reinforces the characterizing fruit flavor for the Products.

32.     Defendants were required to display prominently on the Products' front labels a notice that informs consumers that the Products contained artificial flavoring.

33.     Defendants failed to do so, deceiving consumers and violating state and federal regulations.

34.     Plaintiff and reasonable consumers reasonably believe that Products labeled with "NO ARTIFICIAL FLAVORS" and "NATURALLY FLAVORED" only contain natural ingredients that provide the flavoring.

35.     Neither Plaintiff nor any reasonable consumer would expect to find synthetic petrochemicals flavoring compounds in food products claiming to contain "NO ARTIFICIAL FLAVORS" and to only be "NATURALLY FLAVORED."

36.     Neither Plaintiff nor any reasonable consumer would know that the Products contained synthetic petrochemicals flavoring compounds when reviewing the product labels.

37.     Because of Defendants' deceitful labels, Defendants charged, and Plaintiffs and Class Members paid, a premium for the Products.

38.     The Products were worth less than they were represented to be, and Plaintiff and Class Members purchased and paid extra for them due to the "NO ARTIFICIAL FLAVORS" and "NATURALLY FLAVORED" label claims on and about the Products.

39.     Defendants' misrepresentation constitutes an unfair or deceptive act or practice, including but not limited to the use or employment of any deception or misrepresentation within the meaning of the ICFA and other states' consumer protection statutes, as set forth in Paragraph 5, above.

## CLASS ALLEGATIONS

40.     Pursuant to 735 ILCS 5/2-801 et. seq., Plaintiff bring this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All current Illinois citizens who purchased Fruit Roll-Ups labeled as "naturally flavored" and containing "no artificial flavors" for personal purposes from the five-year period prior to the filing of this Complaint up through the date of preliminary approval (the "Class Period").

41.      Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendants have a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

42.      Upon information and belief, the Class consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

43.      There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

- a.      whether the representation that the Products are "NATURALLY FLAVORED" and contain "NO ARTIFICIAL FLAVORS" is unfair, misleading, and deceptive;

- b.      whether Defendants violated the ICFA and other state consumer protection laws by selling the Products with misleading and deceptive representations;

- c.      whether Defendants intended for Plaintiff and the Class Members to rely on their "NATURALLY FLAVORED" and "NO ARTIFICIAL FLAVORS" representations;

- d.      whether Defendants' acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

- e.      whether Defendants have been unjustly enriched; and

- f.      the proper measure of damages sustained by Plaintiff and Class Members.

44.     The claims of the Plaintiff are typical of the claims of Class Members, in that Plaintiff shares the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendants' conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

45.     Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

46.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.      absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

c.      given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.      when the liability of Defendants has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.      this action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendants.

47.     Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class which would establish incompatible standards of conduct for Defendants.

48.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Thus, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count One
### Violation of the ICFA and Other State Consumer Protection Statutes

49.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1 through 48 as if fully set forth herein.

50.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2.

51.     Defendants' conduct in advertising and selling the Products as "NATURALLY FLAVORED" and containing "NO ARTIFICIAL FLAVORS" constitutes the act, use and

employment of deception, misrepresentation, and unfair practices in the conduct of Defendants' trade or commerce.

52.     Defendants intended for Plaintiff and the Class Members to rely on their "NATURALLY FLAVORED" and "NO ARTIFICIAL FLAVORS" representations. Defendants are aware that consumers like Plaintiff and Class Members are becoming more and more interested in purchasing Products that do not contain synthetic, potentially harmful, ingredients. Defendants preyed on this interest.

53.     The "NATURALLY FLAVORED" and "NO ARTIFICIAL FLAVORS" misrepresentation is material because it concerns the type of information that reasonable consumers are expected to rely on in making their purchasing decision.

54.     Defendants, by distributing, advertising, labeling, and selling the Products, committed the unfair and deceptive acts in the conduct of their trade and commerce.

55.     Defendants' practice of advertising and selling the Products as "NATURALLY FLAVORED" and containing "NO ARTIFICIAL FLAVORS" is unfair.  The practice offends public policy and is immoral, unethical, and unscrupulous because consumers are increasingly interested in purchasing and ingesting Products without synthetic substances. Selling the Products as "NATURALLY FLAVORED" and containing "NO ARTIFICIAL FLAVORS" offends the public's expectation to be told the truth about the Products they are buying.

56.     Defendants' conduct causes substantial injury to consumers because consumers are being misled into purchasing Products that are not what they are represented to be.

57.     Neither Plaintiff nor any reasonable consumer would expect Products labeled "NATURALLY FLAVORED" and "NO ARTIFICIAL FLAVORS" to contain synthetic

petrochemical flavoring compounds.

58.     Because the Products contain synthetic petrochemical flavoring compounds, the Products as sold were worth less than the Products as represented, and Plaintiff and Class Members paid a premium for them.  Had the truth be known, Plaintiff and Class Members would not have purchased the Products.

59.     Plaintiff and Class Members were deceived by the "NATURALLY FLAVORED" and "NO ARTIFICIAL FLAVORS" labels on the Products and suffered economic damages as a proximate result of Defendants' unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

60.     Plaintiff also seeks to enjoin Defendants' ongoing deceptive practices relating to is claims on the Products labels and advertising.

## Count Two
## Unjust Enrichment

61.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1 through 48 as if fully set forth herein.

62.     By purchasing the Products, Plaintiff and class members conferred a benefit on Defendants in the form of the purchase price, or a portion thereof, of the Products.

63.     Defendants appreciated the benefit because they retained money from their sale and distribution of the Products.

64.     Defendants' acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit

was obtained by Defendants' misleading representations about the Products.

65.     Equity cannot in good conscience permit Defendants to be economically enriched

for such actions at Plaintiff's and Class Members' expense and in violation of Illinois law, and

therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons,

prays the Court:

        a.     grant certification of this case as a class action;

        b.     appoint Plaintiff as Class Representative and Plaintiff's counsel as Class
             Counsel;

        c.     award compensatory damages to Plaintiff and the proposed Class, or,
             alternatively, require Defendants to disgorge or pay restitution of its ill-
             gotten gains;

        d.     for an award of declaratory and equitable relief declaring Defendants'
             conduct to be in violation of ICFA and enjoining Defendants from
             continuing to engage in deceptive and unfair marketing of the Products
             including, but not limited to, a label change on the Products;

        e.     award pre- and post-judgment interest;

        f.     award reasonable and necessary attorneys' fees and costs; and

        g.     for all such other and further relief, as may be just and proper.

Dated:  June 20, 2019           Plaintiff Connie Newman, Individually, and on Behalf of a
                             Class of Similarly Situated Individuals

                                      _David C. Nelson_

             By:     —————————————————
                       David C. Nelson (ARDC 6225722)
                       NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                       420 North High Street, P.O. Box Y
                       Belleville IL 62220
                       Tel:   618-277-4000
                       Email: dnelson@nelsonlawpc.com

                             Page 14 of 15
                             Case No.:  19-L-

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Joshua H. Eggnatz (*Pro Hac Vice motion to be filed*)
Michael J. Pascucci (*Pro Hac Vice motion to be filed*)
EGGNATZ | PASCUCCI
7450 Griffin Rd., Suite 230
Davie, FL 33314
Tel:    954-889-3359
Email: jeggnatz@justiceearned.com
          MPascucci@JusticeEarned.com

Alexander J. Korolinsky (*Pro Hac Vice motion to be filed*)
THE LAW OFFICES OF ALEXANDER J. KOROLINSKY, P.A.
1001 Brickell Bay Drive, Suite 2700
Miami, FL 33131
Tel:    877-448-8404
Email: korolinsky@ajklegal.com

Attorneys for Plaintiff and the Putative Class

Exhibit B

 CT Corporation

**Service of Process Transmittal**
07/16/2019
CT Log Number 535873462

| | |
|---|---|
| **TO:** | Rachel Porter<br>General Mills, Inc.<br>1 General Mills Blvd<br>Minneapolis, MN 55426-1347 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | GENERAL MILLS SALES, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Connie Newman, Individually, and on behalf of all similarly situated current citizens of illinois, Pltf. vs. General Mills, Inc. and General Mills Sales, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachments, Complaint, Attachments |
| **COURT/AGENCY:** | St. Clair County 20th Judicial Circuit Court, ., IL<br>Case # 19L0455 |
| **NATURE OF ACTION:** | Product Liability Litigation - Violation of the ICFA and Other state Consumer Protection statutes |
| **ON WHOM PROCESS WAS SERVED:** | NRAI Services, LLC, Dover, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2019 at 13:05 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | David C. Nelson<br>Nelson & Nelson, Attorneys at Law, P.C.<br>420 North High Street<br>P O Box Y<br>Belleville, IL 62220<br>618-277-4000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780124190271<br><br>Email Notification,  Rachel Porter  Rachel.Porter@genmills.com<br><br>Email Notification,  EILEEN MURPHY  eileen.murphy@genmills.com<br><br>Email Notification,  Danelle Larson  danelle.larson@genmills.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | NRAI Services, LLC<br>160 Greentree Dr<br>Ste 101<br>Dover, DE 19904<br>302-658-7581/7582/7583 |

Page 1 of  1 / FA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
)  S.S.
County of St. Clair )

Case Number ___19L0455___

Amount Claimed ___Over $50,000.00___

CONNIE NEWMAN, individually and on behalf of all other similarly situated current citizens of Illinois,

**VS**

GENERAL MILLS, INC., and GENERAL MILLS SALES, INC.,

*SHERIFF'S HAND 2019 JUL 15 PM 5 KENT COUNTY, I*

Plaintiff(s)

Defendant(s)

Classification Prefix ___L___ Code ___02___ Nature of Action ___Tort___ Code ___2___

Pltf. Atty. ___David C. Nelson___ Code ___6225722___
Address ___420 N. High, P.O. Box Y___
City ___Belleville, IL 62222___ Phone ___618-277-4000___
Add. Pltf. Atty. _____ Code _____

## SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME ___GENERAL MILLS SALES, INC.'s, Registered Agent: National Registered Agents, Inc.___

ADDRESS ___160 Greentree Drive, Suite 101___

CITY & STATE ___Dover, Delaware 19904___

☐ **A.** You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

S E _[seal: NATHALIA A. CRAY, Circuit Clerk 7/9/2019 Manira Escareno]_

WITNESS, _____ 20___

_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                              Date of service

_____              _____

_____              _____

_____              _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . .$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

State of Illinois )
County of St. Clair ) S.S.

| | |
|---|---|
| Case Number | 19L0455 |
| Amount Claimed | Over $50,000.00 |

CONNIE NEWMAN, individually
and on behalf of all other similarly
situated current citizens of Illinois,

VS

GENERAL MILLS, INC., and GENERAL
MILLS SALES, INC.,

Plaintiff(s)

Defendant(s)

SHERIFF'S HAND
KENT COUNTY, DEL
2019 JUL 15 PH 15

Classification Prefix ___L___ Code __02__    Nature of Action ___Tort___ Code __2__

Pltf. Atty. __David C. Nelson__ Code 6225722
Address __420 N. High, P.O. Box Y__
City __Belleville, IL 62222__ Phone 618-277-4000
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME  GENERAL MILLS SALES, INC.'s,
Registered Agent: National Registered
Agents, Inc.
ADDRESS

160 Greentree Drive, Suite 101

CITY & STATE
Dover, Delaware 19904

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

SEAL

7/9/2019
Manira Escareno

WITNESS, _____ 20___

_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

### (b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### (c) - (Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ . . . . . . . . . . $ | |
| Total . . . . . . . . . . . . . . . . . $_____ | |
| | |
| Sheriff of' _____ County | |

_____, Sheriff of _____ County

_____, Deputy

State of Illinois )
County of St. Clair ) S.S.

Case Number _____ 19L0455

Amount Claimed _ Over $50,000.00

CONNIE NEWMAN, individually
and on behalf of all other similarly
situated current citizens of Illinois,

VS

GENERAL MILLS, INC., and GENERAL
MILLS SALES, INC.,

2019 JUL 15 PM 3:15   SHERIFF'S HAND KENT COUNTY DEL.

Plaintiff(s)

Defendant(s)

Classification Prefix _____ L _____ Code __ 02 __   Nature of Action _____ Tort __ Code __ 2 __

Pltf. Atty. ___ David C. Nelson ___ Code 6225722
Address 420 N. High, P.O. Box Y
City Belleville, IL 62222 _____ Phone 618-277-4000
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME GENERAL MILLS SALES, INC.'s,
Registered Agent: National Registered
Agents, Inc.

ADDRESS

160 Greentree Drive, Suite 101

CITY & STATE

Dover, Delaware 19904

☐ **A. You are hereby summoned and required to appear before this court at**
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ **B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.**

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

S E A L

*Kahilah A. Clay*
KAHALAH A. CLAY, Circuit Clerk
7/9/2019
Manira Escareno

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)



I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ . . . . . . . . . . $____ | |
| Total . . . . . . . . . . . . . . . . . . . . . $____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

**CT Corporation**

**Service of Process Transmittal**
07/16/2019
CT Log Number 535867608

**TO:**     Rachel Porter
General Mills, Inc.
1 General Mills Blvd
Minneapolis, MN 55426-1347

**RE:**     **Process Served in Delaware**

**FOR:**    GENERAL MILLS, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Connie Newman, individually, and on behalf of all similarly situated current citizens of illinois, Pltf. vs. GENERAL MILLS, INC. and GENERAL MILLS SALES, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Motion, Entry Of Appearance(s) |
| **COURT/AGENCY:** | St. Clair County - 20th Judicial Circuit Court, IL<br>Case # 19L0455 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | NRAI Services, LLC, Dover, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2019 at 13:05 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service. |
| **ATTORNEY(S) / SENDER(S):** | David C. Nelson<br>Nelson & Nelson, Attorneys at Law, P.C.<br>420 North High Street<br>P.O. Box Y<br>Belleville, IL 62220<br>618-277-4000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780103884052 |
| | Email Notification,  Rachel Porter  Rachel.Porter@genmills.com |
| | Email Notification,  EILEEN MURPHY  eileen.murphy@genmills.com |
| | Email Notification,  Danelle Larson  danelle.larson@genmills.com |
| **SIGNED:**<br>**ADDRESS:** | NRAI Services, LLC<br>160 Greentree Dr<br>Ste 101<br>Dover, DE 19904 |
| **TELEPHONE:** | 302-658-7581/7582/7583 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number ___19L0455___

Amount Claimed ___Over $50,000.00___

CONNIE NEWMAN, individually and on behalf of all other similarly situated current citizens of Illinois,

VS

GENERAL MILLS, INC., and GENERAL MILLS SALES, INC.,

SHERIFF'S HAND
KENT COUNTY, DEL.
2019 JUL 15 PM 3:1

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix ___L___ Code ___02___ Nature of Action ___Tort___ Code ___2___

Pltf. Atty. ___David C. Nelson___ Code ___6225722___
Address ___420 N. High, P.O. Box Y___
City ___Belleville, IL 62222___ Phone ___618-277-4000___
Add. Pltf. Atty. _____ Code _____

### SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME ___GENERAL MILLS, INC.'s, Registered Agent: National Registered Agents, Inc.___

ADDRESS ___160 Greentree Drive, Suite 101___

CITY & STATE ___Dover, Delaware 19904___

☐ **A.** You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

7/9/2019
Manira Escareno

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . $ _____ |
| Total . . . . . . . . . . . . . . . . . . . . $ _____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois  )
                   ) S.S.
County of St. Clair )

Case Number ___19L0455___

Amount Claimed ___Over $50,000.00___

CONNIE NEWMAN, individually
and on behalf of all other similarly
situated current citizens of Illinois,

VS

GENERAL MILLS, INC., and GENERAL
MILLS SALES, INC.,

*SHERIFF'S HAND / KENT COUNTY, DE / JUL 15 PH 3: 5*

Plaintiff(s)

Defendant(s)

Classification Prefix ___L___  Code ___02___  Nature of Action ___Tort___  Code ___2___

Pltf. Atty. ___David C. Nelson___  Code ___6225722___
Address ___420 N. High, P.O. Box Y___
City ___Belleville, IL  62222___  Phone ___618-277-4000___
Add. Pltf. Atty. _____  Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME  GENERAL MILLS, INC.'s, Registered
Agent:  National Registered Agents,
Inc.

### SUMMONS COPY

To the above named defendant(s)......:

ADDRESS

CITY & STATE

160 Greentree Drive, Suite 101

Dover, Delaware 19904

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

**TO THE OFFICER:**
     This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

     This summons may not be served later than 30 days after its date.

*[seal]*
*Kahleah A. Clay, Circuit Clerk*
7/9/2019
Manira Escareno

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . $_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

| | |
|---|---|
| **Case Number** | 19L0455 |
| **Amount Claimed** | Over $50,000.00 |

CONNIE NEWMAN, individually
and on behalf of all other similarly
situated current citizens of Illinois,

**VS**

GENERAL MILLS, INC., and GENERAL
MILLS SALES, INC.,

SHERIFF'S HAND
KENT COUNTY MD
2019 JUL 15 PM 3:15

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix ___L___ Code ___02___   Nature of Action ___Tort___ Code __2__

Pltf. Atty. __David C. Nelson__ Code __6225722__   **NAME**
Address __420 N. High, P.O. Box Y__
City __Belleville, IL 62222__ Phone __618-277-4000__
Add. Pltf. Atty. _____ Code _____

## TO THE SHERIFF: SERVE THIS DEFENDANT AT:

GENERAL MILLS, INC.'s, Registered
Agent: National Registered Agents,
Inc.

### SUMMONS COPY

To the above named defendant(s)......:

**ADDRESS**

160 Greentree Drive, Suite 101

**CITY & STATE**

Dover, Delaware 19904

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

**TO THE OFFICER:**
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

S E

Kahlah A. Clay
Kahlah A. Clay, Circuit Clerk
7/9/2019
Manira Escareno

**WITNESS,** _____ 20___

_____
**Clerk of Court**

**BY DEPUTY:** _____

**DATE OF SERVICE:** _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                           Date of service

_____          _____

_____          _____

_____          _____

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

**(d) - (Other service):**

```
    SHERIFF'S FEES

Service and return _____$
Miles _____ . . . . . . . . $_____
Total . . . . . . . . . . . . . . . . . . . $_____
_____
Sheriff of _____ County
```

_____, Sheriff of _____County

_____, Deputy

# Exhibit C

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0455
St. Clair County
6/20/2019 2:26 PM
5492638

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

CONNIE NEWMAN, individually,                )
and on behalf of all similarly situated     )
current citizens of Illinois,               )
                                            )
    Plaintiff,                             )
                                            )
v.                                          )   No.  19-L- 0455
                                            )
GENERAL MILLS, INC., and GENERAL            )
MILLS SALES, INC.,                          )
                                            )
    Defendants.                            )

### AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by Plaintiff herein do exceed $50,000.00.

Dated:  June 20, 2019

Connie Newman, Individually, and on Behalf of a Class of
Similarly Situated Individuals, Plaintiff

By:

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street
Belleville IL 62220
Tel:   618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Joshua H. Eggnatz (*Pro Hac Vice motion to be filed*)
Michael J. Pascucci (*Pro Hac Vice motion to be filed*)
EGGNATZ | PASCUCCI
7450 Griffin Rd., Suite 230
Davie, FL 33314
Tel:    954-889-3359
Email: jeggnatz@justiceearned.com
          MPascucci@JusticeEarned.com

Alexander J. Korolinsky (*Pro Hac Vice motion to be filed*)
THE LAW OFFICES OF ALEXANDER J. KOROLINSKY, P.A.
1001 Brickell Bay Drive, Suite 2700
Miami, FL 33131
Tel:    877-448-8404
Email: korolinsky@ajklegal.com

Attorneys for Plaintiff and the Putative Class

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0455
St. Clair County
6/20/2019 2:26 PM
5492638

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| CONNIE NEWMAN, individually, and on behalf of all similarly situated current citizens of Illinois, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-L- 0455 |
| | ) | |
| GENERAL MILLS, INC., and GENERAL MILLS SALES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY OF APPEARANCE

NOW COMES DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiff, Connie Newman, in the above entitled proceedings.

Dated: June 20, 2019

Connie Newman, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Attorneys for Plaintiff and the Putative Class

Page 1 of 1
Case No: 19-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0455
St. Clair County
6/20/2019 2:26 PM
5492638

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

CONNIE NEWMAN, individually, )
and on behalf of all similarly situated )
current citizens of Illinois, )
                         )
      Plaintiff, )
                         )
v. )       No. 19-L-0455
                         )
GENERAL MILLS, INC., and GENERAL )
MILLS SALES, INC., )
                         )
      Defendants. )

## ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for Connie Newman

in the above entitled proceedings.

Dated: June 20, 2019         Respectfully Submitted,

By:   _____

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No: 19-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0455
St. Clair County
6/20/2019 2:26 PM
5492638

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | |
|---|---|
| CONNIE NEWMAN, individually, and on behalf of all similarly situated current citizens of Illinois, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No.  19-L-0455 |
| ) | |
| GENERAL MILLS, INC., and GENERAL MILLS SALES, INC., ) ) ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, Connie Newman, individually and on behalf of all other

similarly-situated current Illinois citizens, by and through counsel and moves for certification of

a class defined as follows:

> All current citizens of Illinois who purchased Fruit Roll-Ups labeled as "naturally flavored" and containing "no artificial flavors" for personal purposes in the five years preceding the filing of the Petition in this case (the "Class Period").

> Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

Section 2–801 of the Illinois Code of Civil Procedure, which is patterned after Rule 23 of

the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a class

action. *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.,* 993 N.E.2d 97, 108 (Ill. App. Ct. 2013) *citing* 735 ILCS 5/2–801 (West 2008). "Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Id.* Under section 2–801, a class may be certified only if the following four requirements are established: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538, 544–45, 278 Ill.Dec. 276, 798 N.E.2d 123 (2003). "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." *Id.*

### 1. The Class Is So Numerous that Joinder of All Members is Impracticable.

The class satisfies the numerosity requirement because there are at least hundreds of people and likely thousands in the class. *See Cruz v. Unilock Chicago,* 383 Ill. App. 3d 752, 767–68, 892 N.E.2d 78, 94 (2008) (finding 80 or 90 class members supports a finding of numerosity.). Where there are a number of potential claimants, and the individual amount claimed by each is small, making redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003).

## 2. There Are Questions of Fact and Law Common to the Class and Common Questions Predominate Over Any Questions Affecting Only Individual Members.

In order to satisfy the second requirement of section 2–801, namely that a common question of fact or law predominates over other questions affecting only individual class members, it must be shown that successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 54–55, 880 N.E.2d 653, 657 (2007). As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. *Id. citing Slimack v. Country Life Insurance Co.,* 227 Ill.App.3d 287, 292, 169 Ill.Dec. 190, 591 N.E.2d 70 (1992). Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. *Id.* Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law. *Id.* Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question." *Id.* The requirement of individual proofs should not be a bar to a class action. *Id.*

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.,* 117 Ill.2d 67, 81, 109 Ill.Dec. 772, 510 N.E.2d 840 (1994). "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to the entire class." *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003). A common question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

The common and predominate issue in this case is that Defendant made the same false,

misleading, and unfair representation to each and every class member when it sold its product as

"naturally flavored" and containing "no artificial flavors" when it in fact is not naturally flavored

and contains artificial flavors. Indeed, the claims of every class member will rise or fall on the

resolution of that question. See *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir.

2014).

### 3.  *The Class Representative Will Fairly and Adequately Protect the Interests of the Class.*

The purpose of the adequate representation requirement is to ensure that all class

members will receive proper, efficient, and appropriate protection of their interests in the

presentation of the claim. *Walczak v. Onyx Acceptance Corp.*, 365 Ill.App.3d 664, 678, 302

Ill.Dec. 920, 850 N.E.2d 357 (2006). The test to determine the adequacy of representation is

whether the interests of those who are parties are the same as those who are not joined. The

interest of the Plaintiff is the same as the class members because each was harmed in the same

way, and each has the same interest in recovering for Defendant's false, deceptive, and unfair

labeling.

### 4.  *A Class Action Is the Appropriate Method For the Fair and Efficient Adjudication of the Controversy.*

The fourth requirement for class certification is that the class action is an appropriate

method for fairly and efficiently adjudicating the controversy. *Ramirez v. Midway Moving &*

*Storage, Inc.*, 378 Ill. App. 3d 51, 56, 880 N.E.2d 653, 658 (2007). In deciding whether the

fourth requirement is met, a court considers whether a class action can best secure economies of

time, effort, and expense or accomplish the other ends of equity and justice that class actions

seek to obtain. *Id.* Where the first three requirements for class certification have been satisfied,

the fourth requirement may be considered fulfilled as well.

Because the first three requirements of class certification have been met here, so, too, has the appropriateness requirement. Moreover, this class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain, because no individual class member would have the resources to pursue his or her claims absent the class mechanism, considering the amount in controversy for each claimant. *See Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014); *see also Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at \*9 (Ill. Cir. Ct. Sept. 15, 2003) ("The evidence presented to the Court supports the conclusion that, not only is a class action an appropriate method for the fair adjudication of the disputes between Ford and the Classes, but also that it may be the only means by which these disputes may be efficiently resolved.").

Plaintiff expressly reserves the right to amend this motion as this case progresses.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (1) certifying the class as defined above; (2) appointing Plaintiff Connie Newman as Class Representative; (3) appointing David C. Nelson, Matthew H. Armstrong, Joshua H. Eggnatz, Michael J. Pascucci and Alexander J. Korolinsky as Co-Class Counsel, (4) and for such further relief as the Court determines fair and just.

Dated: June 20, 2019

Plaintiff Connie Newman, Individually, and on Behalf of a Class of Similarly Situated Individuals

By:  _David C. Nelson_

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Page 5 of 6
Case No.: 19-L-

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Joshua H. Eggnatz (*Pro Hac Vice motion to be filed*)
Michael J. Pascucci (*Pro Hac Vice motion to be filed*)
EGGNATZ | PASCUCCI
7450 Griffin Rd., Suite 230
Davie, FL 33314
Tel:    954-889-3359
Email: jeggnatz@justiceearned.com
        MPascucci@JusticeEarned.com

Alexander J. Korolinsky (*Pro Hac Vice motion to be filed*)
THE LAW OFFICES OF ALEXANDER J. KOROLINSKY, P.A.
1001 Brickell Bay Drive, Suite 2700
Miami, FL 33131
Tel:    877-448-8404
Email: korolinsky@ajklegal.com

Attorneys for Plaintiff and the Putative Class

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000518295          DATE: 06-26-2019                TIME: 14:12:39
RECEIVED OF: NELSON DAVID C                                       MEMO: 0054992638-0
PART. ID: 1809
BY CLERK: BJ
CHECKS:

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $277.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 19-L-0455 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $277.00 |
| NEWMAN VS GENERAL MILLS | | | | |
| PARTY: NELSON DAVID C | | | | |

TOTAL RECEIPT...                                                  $277.00

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
) S.S.
County of St. Clair )

**Case Number** ___19L0455___

**Amount Claimed** ___Over $50,000.00___

| | |
|---|---|
| CONNIE NEWMAN, individually and on behalf of all other similarly situated current citizens of Illinois, | GENERAL MILLS, INC., and GENERAL MILLS SALES, INC., |
| **VS** | |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix ___L___ Code ___02___   Nature of Action ___Tort___ Code ___2___

Pltf. Atty. ___David C. Nelson___ Code 6225722   **NAME**
Address 420 N. High, P.O. Box Y
City Belleville, IL 62222 ___ Phone 618-277-4000
Add. Pltf. Atty. _____ Code _____   **ADDRESS**

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
GENERAL MILLS, INC.'s, Registered
Agent: National Registered Agents,
Inc.

160 Greentree Drive, Suite 101

CITY & STATE
Dover, Delaware 19904

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, _____ 20___

_____
**Clerk of Court**

Katulah a. Clay
KAHALAH A CLAY, Circuit Clerk
7/9/2019
Manira Escareno

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

S E A L



I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . . . . . $_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number _____ 19L0455 _____

Amount Claimed __ Over $50,000.00 __

| | |
|---|---|
| CONNIE NEWMAN, individually and on behalf of all other similarly situated current citizens of Illinois, **VS** | GENERAL MILLS, INC., and GENERAL MILLS SALES, INC., |
| Plaintiff(s) | Defendant(s) |

Classification Prefix _____ L _____ Code ___ 02 ___ Nature of Action _____ Tort _____ Code ___ 2 ___

Pltf. Atty. _____ David C. Nelson _____ Code 6225722
Address 420 N. High, P.O. Box Y
City Belleville, IL 62222 ____ Phone 618-277-4000
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME GENERAL MILLS SALES, INC.'s,
Registered Agent: National Registered
Agents, Inc.

ADDRESS

160 Greentree Drive, Suite 101

CITY & STATE

Dover, Delaware 19904

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

SEAL
KAHALAH A CLAY, Circuit Clerk
7/9/2019
Manira Escareno

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                    Date of service

_____          _____

_____          _____

_____          _____

_____          _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ ..........$_____ | |
| Total ......................$_____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy



IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| NEWMAN VS GENERAL MILLS | |
|---|---|
| | 19-L-0455 |
| | FILED ST CLAIR COUNTY |
| TO:   A FILE COPY | JUL 2 2 2019 |
| | *Nutulah d. Clerk* CIRCUIT CLERK  22 |

Date : 8/26/2019          Time : 9:00 AM          Room : 405

The above-styled case is assigned to:  HON. STEPHEN P. MCGLYNN.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

Electronically Filed
Kahalah A. Clay
Circuit Clerk
RACHEL MENDEZ
19L0455
St. Clair County
7/22/2019 3:19 PM
5862525

# Kent  County

## Sheriff's Office

Brian E. Lewis
Sheriff, Kent County

555 Bay Rd.
Dover, DE  19901
Phone: 302-736-2161
Fax: 302-736-2164

### SHERIFF'S RETURN

Re: Service Request for Court:  Circuit Court for the 20th Judicial Circuit

| | |
|---|---|
| Connie Newman, individually and on behalf of all other similarly situated current citizens of Illinois,<br><br>Plaintiff,<br><br>Vs.<br><br>General Mills, Inc. and General Mills Sales, Inc. | C.A. No.:  19L0455 Illinois<br><br>Sheriff No.:  19002285<br><br>Attorney: David C. Nelson of<br>Firm:  Nelson & Nelson<br>420 North High Street<br>PO Box Y<br>Belleville, IL 62222 |

Deputy Kim Warfield at the Kent County Sheriff's Office, served the within Class Action Complaint Affidavit of Damages Motion for Class Certification upon  General Mills Sales, Inc. c/o National Registered Agents Inc. by leaving with  Francis Fernandez, Front Desk a true and correct copy of the said Writ, this day 7/16/2019 at 160 Greentree Drive Suite 101 Dover, DE 19901 .

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

_cmargaret cmangiamele-Orlando_

_Brian E. Lewis_

Notary
Executed on 7/17/2019

Brian E. Lewis
Sheriff of Kent County Delaware

*"Serving Kent County With Pride"*

Electronically Filed
Kahalah A. Clay
Circuit Clerk
RACHEL MENDEZ
19L0455
St. Clair County
7/22/2019 3:19 PM
5862525

# Kent  County

## Sheriff's Office

Brian E. Lewis
Sheriff, Kent County

555 Bay Rd.
Dover, DE 19901
Phone: 302-736-2161
Fax: 302-736-2164

### SHERIFF'S RETURN

Re: Service Request for Court:  Circuit Court for the 20th Judicial Circuit

|  |  |
|---|---|
| Connie Newman, individually and on behalf of all other similarly situated current citizens of Illinois, | C.A. No.:  19L0455 Illinois |
|  | Sheriff No.: 19002285 |
| Plaintiff, | Attorney:  David C. Nelson of |
| Vs. | Firm:  Nelson & Nelson |
|  | 420 North High Street |
| General Mills, Inc. and General Mills Sales, Inc. | PO Box Y |
|  | Belleville, IL 62222 |

Deputy Kim Warfield at the Kent County Sheriff's Office, served the within Class Action Complaint Affidavit of Damages Motion for Class Certification upon  General Mills, Inc. c/o National Registered Agents Inc. by leaving with  Francis Fernandez, Front Desk a true and correct copy of the said Writ, this day 7/16/2019 at 160 Greentree Drive Suite 101 Dover, DE 19901 .

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Margaret Cmangiamele-Orlando

Notary

Executed on 7/17/2019

Brian E. Lewis
Sheriff of Kent County Delaware

*"Serving Kent County With Pride"*

# Exhibit D







| Home | County Home | FAQ |

Search this site...

| Attorney Resources | Documents & Forms | Courts |

St. Clair County Circuit Clerk > Courts > Court Records Search

## Court Records Search

Criminal Cases | Civil Cases

### Search By Case Number

**Person Search**
**Company Search**
**Case Number Search**
**Attorney Bar Number Search**
**Attorney Account Info**

What are these case types?

19   L ▼   0455   [ Search ]

 [ New Code ]

Case Details | Register of Actions

| Event Date | Event Description | Party Type | Party Name |
|---|---|---|---|
| 8/26/2019 | CAL:ASSIGN ORD/STAT CONFERENCE | ADMINISTRATION | |
| 7/22/2019 | SUM:SUMMONS RETURNED/SERVED | ADMINISTRATION | |
| 7/22/2019 | SUM:SUMMONS RETURNED/SERVED | ADMINISTRATION | |
| 7/22/2019 | ORD:ASSIGNMENT ORDER | ADMINISTRATION | |
| 7/22/2019 | JUDGE REASSIGNED | ADMINISTRATION | |
| 7/9/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | GENERAL MILLS SALES INC |
| 7/9/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | GENERAL MILLS INC |
| 6/26/2019 | DOC:RECEIPT | ADMINISTRATION | |
| 6/26/2019 | ASM:COMPLAINT FILING FEE | ATY PLAINTIFF | NELSON DAVID C |
| 6/20/2019 | MOT:MOTION | ATY PLAINTIFF | NELSON DAVID C |
| 6/20/2019 | DOC:AFFIDAVIT | ATY PLAINTIFF | NELSON DAVID C |
| 6/20/2019 | DOC:ENTRY OF APPEARANCE | ATY PLAINTIFF | ARMSTRONG MATTHEW H |
| 6/20/2019 | DOC:ENTRY OF APPEARANCE | ATY PLAINTIFF | NELSON DAVID C |
| 6/20/2019 | OPN:COMPLAINT FILED | ATY PLAINTIFF | NELSON DAVID C |

**Email Us** #10 Public Square - Belleville, IL 618-277-6600 ©2012 St. Clair County - All Rights Reserved